**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**KATIE YOUNG** **PLAINTIFF**

**V.** **NO. 4:25-CV-83-DMB-DAS**

**MISSISSIPPI VALLEY
STATE UNIVERSITY** **DEFENDANT**

# OPINION AND ORDER

Katie Young claims that Mississippi Valley State University violated her First Amendment rights when her professor told her to stop talking about God in her assignments or she would not receive her degree. The University moves to dismiss Young's claims for lack of subject matter jurisdiction based on Eleventh Amendment sovereign immunity. Because Young's claims against the University are barred by the Eleventh Amendment, the motion to dismiss will be granted.

## I
## Procedural History

On July 7, 2025, Katie Young filed a pro se amended complaint against Mississippi Valley State University in the United States District Court for the Northern District of Mississippi,[1] asserting that "[her] First Amendment Right of the U.S. Constitutional [sic] has been violated" based on allegations that her professor told her that unless she stopped talking about God in her assignments, she would not receive her degree. Doc. #8 at PageID 24, 25. As relief, Young seeks "7 Billion Dollars." *Id.* at PageID 28.

On September 3, 2025, the University filed a motion to dismiss for lack of subject matter

[1] Young's original complaint filed June 12, 2025, asserted as the basis for jurisdiction that the "United States or federal official or agency was a defendant." Doc. #1 at 3. In response to an order to show cause why her case should not be dismissed for lack of subject matter jurisdiction, Doc. #6, Young amended her complaint to assert federal question jurisdiction based on "[her] First Amendment Right." Doc. #8 at PageID 21, 24.

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. #20. Young responded in opposition the next day. Doc. #23. The University replied on September 11. Doc. #28.

## II
## Standard

A motion under Federal Rule of Civil Procedure 12(b)(1) asserts a lack of subject matter jurisdiction. In evaluating a Rule 12(b)(1) motion, a court may consider the complaint alone, undisputed facts in the record, and the court's resolution of disputed facts. *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). The allegations in the complaint are taken as true in determining whether a sufficient basis for jurisdiction exists. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The burden of establishing jurisdiction rests on the party asserting its existence. *Morris*, 852 F.3d at 419 (citing *Ramming*, 281 F.3d at 161). If subject matter jurisdiction is lacking, the case must be dismissed. *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011).

## III
## Factual Allegations

Katie Young is a graduate student at Mississippi Valley State University whose major is Rural Public Policy Planning. Doc. #8 at PageID 25. On April 24, 2025, Young's professor told her to stop talking and writing about God in her assignments, that she will not be receiving her degree in Rural Public Policy Planning if she continued writing and using the Bible in her assignment or source, that the board refused her Com Paper because she used religion in it, and that her degree will be on hold until her paper is done over without talking about religion and using the Bible as a source. *Id.* at PageID 25–26. Young "refused to stop talking about OUR FATHER GOD for anyone or anything IN JESUS NAME AMEN!!!" *Id.* at PageID 26.

**IV**
**Analysis**

The University submits that Young's amended complaint should be dismissed with prejudice because "[Young's] claims are premised on constitutional violations, which are actionable, if at all, under 42 U.S.C. § 1983;" "[it] is a public university established as an arm of the State of Mississippi under Miss. Code Ann. § 37-125-1 et seq., and is entitled to sovereign immunity under the Eleventh Amendment;"[2] "[t]he Eleventh Amendment bars suits for monetary damages against states and their instrumentalities in federal court unless waived or abrogated by Congress;" and "[t]he Ex parte Young exception for prospective injunctive relief against state officials does not apply, as [Young] sues only [it] and primarily seeks monetary damages." Doc. #20 at 1, 2.

Young responds that "[s]overeign immunity does not bar all relief sought" because "[w]hile the Eleventh Amendment restricts certain claims for damages against states, it does not bar suits for prospective injunctive relief against state officials in their official capacities;" her First Amendment claims are "enforceable through 42 U.S.C. 1983, which provides a federal cause of action for Constitutional violations committed by persons acting under color of state law;"[3] and "[f]ederal courts have consistently held that public universities cannot punish or deny benefits to students based on their Religion Speech." Doc. #23 at PageID 130, 131 (citing *Ex Parte Young*, 209 U.S. 123 (1908), and *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995)).

---

[2] The Court presumes the University's reference to "Miss. Code Ann. § 37-*125*-1," Doc. #20 at 1 (emphasis added), is a scrivener's error since that statute concerns the creation of Jackson State University. Mississippi Code § 37-127-1 concerns the creation of Mississippi Valley State University.

[3] Though Young's complaint does not expressly mention 42 U.S.C. § 1983, the Court construes her claim as a § 1983 claim since it can be readily gleaned from her amended complaint that she asserts a § 1983 claim. *See Johnson v. City of Shelby*, 642 F. App'x 380, 382 (5th Cir. 2016) ("[Plaintiffs] did not need to specifically invoke § 1983 to state a successful claim.").

The University replies that, as an arm of the state, it is immune from § 1983 claims and neither Congress nor Mississippi have waived immunity for such claims; the *Ex Parte Young* exception is inapplicable because it "permits suits only against state officials, not against state entities;" "[Young's] primary relief sought, $7 billion in monetary damages, is retroactive and compensatory, which falls squarely within the Eleventh Amendment's prohibition on suits that would require payment from the state treasury;" and Young "does not explain how her requested relief qualifies as truly prospective under Ex Parte Young, which is limited to 'forward-looking' relief to end a continuing violation of federal law." Doc. #28 at 2, 3. The University also contends that "[Young's] reliance on *Rosenberger* … is misplaced" because *Rosenberger* "addressed viewpoint discrimination in a public university's funding of student publications under the Free Speech Clause; it did not involve denying a degree for the inclusion of religious content in coursework, nor did it abrogate Eleventh Amendment immunity for § 1983 damages claims against state entities." *Id.* at 3–4.

Under the Eleventh Amendment, "[s]tates are immune from private suits unless they consent or unless Congress validly strips their immunity." *Tex. All. for Retired Ams. v. Scott*, 28 F.4th 669, 671 (5th Cir. 2022). "[A]n entity … asserting sovereign immunity bears the burden of demonstrating that it is an arm of the state." *Diaz v. Cantu*, 123 F.4th 736, 744 (5th Cir. 2024) (alteration in original) (quoting *Bonin v. Sabine River Auth.*, 65 F.4th 249, 253 (5th Cir. 2023). There is a clear distinction between "'arms of the state' and those entities 'possessing an identity sufficiently distinct from that of the state to place it beyond the Eleventh Amendment's shield.'" *Bonin*, 65 F.4th at 254 (quoting *Minton v. St. Bernard Par. Sch. Bd.*, 803 F.2d 129, 131 (5th Cir. 1986) (cleaned up).

This Court has previously recognized that the University is an arm of the state of

Mississippi. *See Carpenter v. Miss. Valley State Univ.*, 807 F. Supp. 2d 570, 581 (N.D. Miss. 2011) ("[T]he Court has determined that MVSU is an arm of the state [and] the Eleventh Amendment's immunity attaches to this action."). "[A]n arm of the state waives state sovereign immunity only if it 'voluntarily invokes federal court jurisdiction, or … makes a "clear declaration" that it intends to submit itself to federal court jurisdiction.'" *United States Oil Recovery Site Potentially Responsible Parties Grp. v. R.R. Comm'n of Tex.*, 898 F.3d 497, 502 (5th Cir. 2018) (omission in original) (quoting *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005)). That the University seeks dismissal of Young's claims makes clear it has not declared any intent to submit itself to this Court's jurisdiction, unequivocally or otherwise, and it certainly did not invoke this Court's jurisdiction. Further, Mississippi law does not waive Eleventh Amendment sovereign immunity in suits in federal courts. *See* MISS. CODE ANN. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

Neither of the cases on which Young relies overcomes the University's immunity. The *Ex Parte Young* exception only applies if a suit alleging violations of federal law is brought "against individual persons in their official capacities as agents of the state," *Aguilar v. Tex. Dep't Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998), and Young did not sue any state actors.[4] And Young's reliance on *Rosenberger* fails as that case discusses the denial of funding to a religious organization; sovereign immunity was not at issue. *See Rosenberger*, 515 U.S. at 823 ("The challenge is to the University's regulation and its denial of authorization, the case raising issues under the Speech and Establishment Clauses of the First Amendment.").

[4] Young admits that "[the University] is a state agency." Doc. #8 at PageID 21.

Because the University is an arm of the state of Mississippi, Young's suit is barred by the Eleventh Amendment. Consequently, the Court lacks subject matter jurisdiction over this case and the University's motion to dismiss will be granted.

## V
## Conclusion

The University's motion to dismiss [20] is **GRANTED**. Young's claims against the University are **DISMISSED without prejudice.**[5] A judgment will be entered.

**SO ORDERED**, this 24th day of September, 2026.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

[5] *See United States v. $4,480,466.16 in Funds Seized from Bank of Am. Acct. Ending in 2653*, 942 F.3d 655, 666 (5th Cir. 2019) ("Claims barred by sovereign immunity are dismissed without prejudice, not with prejudice.").